# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**NORENA F. BUCKLAND,**
**Claimant Below, Petitioner**

**FILED**

August 1, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 15-0750** (BOR Appeal No. 2050077)
(Claim No. 2009087828)

**WAL-MART,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Norena F. Buckland, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wal-Mart, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 1, 2015, in which the Board affirmed a December 3, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 10, 2013, decision to deny a request for a lumbar brace, cervical collar, osteopathic manipulative therapy, and a consultation with a neurosurgeon. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Buckland, a greeter at Wal-Mart, slipped and fell in the parking lot on April 8, 2009, injuring her back, neck, and both elbows. On April 20, 2009, Ms. Buckland was seen by Martin Greenburg, M.D., who opined that she would need surgery and four to six weeks of physical therapy after the surgery. An April 24, 2009, MRI of the cervical spine revealed a large disc herniation at C4-5. Ms. Buckland was seen by Dr. Greenburg in late April of 2009 for a follow-up. He noted that Ms. Buckland had no previous history of cervical disc problems prior to the work injury. He diagnosed cervical radiculopathy and recommended surgical intervention.

1

Ms. Buckland underwent an approved neurosurgical consultation on July 7, 2009, from Gregory Helm, M.D. Dr. Helm opined that she suffered from a significant disc bulge at the C4-5 level that was the likely cause of her symptoms. A C4-5 anterior cervical discectomy and fusion was recommended. A treatment note in August of 2009 indicated Ms. Buckland had been suffering from frequent anxiety attacks since her injury. On September 28, 2009, an MRI of the lumbar spine revealed a large right T11-12 disc herniation and L4-5 central to left disc herniation.

After her surgery, a follow-up with Dr. Helm on October 13, 2009, revealed that she was still having some neck pain, but it was improved from her pre-operative status. She was also experiencing some pain across her lower back and left lower extremity. A.E. Landis, M.D., performed an independent medical evaluation on February 23, 2011, in which he diagnosed a cervical and lumbar spine contusion/sprain type of injury. This resulted in a cervical disc herniation at the C4-C5 level. He noted an MRI showed herniated discs at T11-T12 and L4-L5, which did not appear to be an appropriate diagnosis, as Ms. Buckland had no clinical evidence of radiculopathy in the lower extremities. He did not believe her lumbar spine symptoms were totally related to the fall because she had pre-existing degenerative changes. However, it appeared the cervical spine symptoms were totally related. He did not feel Ms. Buckland had reached maximum medical improvement. Dr. Landis advised there appeared to be some degree of symptom magnification/pain behavior present and a psychiatric/psychological evaluation and treatment could be of value to Ms. Buckland.

On August 27, 2013, Jerry Scott, M.D., performed an independent medical evaluation and diagnosed an exacerbation of pre-existing degenerative disc disease of the cervical and lumbar regions, as well as a lumbar sprain. He did not feel Ms. Buckland's current symptoms were causally related to the work incident. He noted Ms. Buckland had been diagnosed with fibromyalgia as well as degenerative disc disease which could explain some of her complaints. Dr. Scott deferred the issue of psychiatric treatment to a psychiatrist for evaluation. He concluded Ms. Buckland had reached maximum medical improvement and suffered from 30% whole person impairment. The claims administrator denied the request for a lumbar brace, a cervical collar, osteopathic manipulative therapy, and a consultation with a neurosurgeon on September 10, 2013.

Patricia Browning, D.O., authored correspondence objecting to the decision to deny Ms. Buckland a lumbar brace, cervical collar, and osteopathic manipulative therapy on November 6, 2013. She noted these were being requested for pain management and not healing.[1] On February 6, 2014, Dr. Scott authored an addendum indicating there was no need for the use of a cervical collar or back brace, for any purpose. He noted that although there are conflicting reports, the general consensus is that the requested treatments do not treat chronic back pain very effectively.

Ms. Buckland was deposed on February 18, 2014. Ms. Buckland testified that she suffers neck and back problems due to her April 8, 2009, work injury. She stated that she underwent surgery on her neck; however, it continues to hurt all of the time and she experiences bad

---

[1] Dr. Browning's correspondence did not address the denial of a neurosurgical consultation.

headaches as well as back pain that varies in severity. She testified she did not have these problems prior to the work incident. Ms. Buckland has been treated for her neck and back by Dr. Browning.

The Office of Judges determined that the requested medical treatments were not medically related and reasonably required to treat a compensable condition. The Office of Judges started its analysis by noting that Dr. Browning's request for a lumbar brace, a cervical collar, osteopathic manipulative therapy, and a consultation with a neurosurgeon was not of record. In addition, Ms. Buckland did not submit other treatment notes that would have given the Office of Judges a clearer picture of the justification for the requested treatments. The Office of Judges found that the only evidence to support the request was the November 6, 2013, correspondence from Dr. Browning objecting to the decision to deny Ms. Buckland the treatments, in which she noted they were for pain management. The Office of Judges found that Dr. Scott's opinions were persuasive. He opined that she was at her maximum medical improvement and did not need any further treatment for any reason. He noted that she has had longstanding degenerative disc disease and has been diagnosed with fibromyalgia. He found that both conditions were not related to her compensable injury and were directly related to her requests for further treatment. He stated that his opinion was further supported by the fact that she had not had any change in symptoms for an extended period of time. Dr. Scott opined that a lumbar brace and cervical collar would actually cause more damage rather than help. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the decisions of Office of Judges and Board of Review. Ms. Buckland failed to demonstrate that her requested treatments were medically related and reasonably required to treat her compensable injury. Ms. Buckland was found to be at her maximum medical improvement on August 27, 2013. Dr. Scott's report was consistent with the other evidence of record. Because the Office of Judges and Board of Review issued a decision that was consistent with the evidence of record, their decisions were not in error.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 1, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum